## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COMPUTER SOFTWARE PROTECTION LLC | |
| Plaintiff, | |
| v. | Civil Action No. 12-451-SLR |
| ADOBE SYSTEMS INCORPORATED | |
| Defendants. | |
| COMPUTER SOFTWARE PROTECTION LLC | |
| Plaintiff, | |
| v. | Civil Action No. 12-452-SLR |
| AUTODESK INC. | |
| Defendants. | |
| COMPUTER SOFTWARE PROTECTION LLC | |
| Plaintiff, | |
| v. | Civil Action No. 12-454-SLR |
| NUANCE COMMUNICATIONS INC. | |
| Defendants. | |
| COMPUTER SOFTWARE PROTECTION LLC | |
| Plaintiff, | |

v.

WOLFRAM RESEARCH INC.

Defendants.

Civil Action No. 12-455-SLR

### [PROPOSED] SCHEDULING ORDER

At Wilmington, this ___ day of August, 2012, the parties having satisfied their

obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling

conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b);

IT IS ORDERED that

1.     **Pre-Discovery Disclosures**.  The parties will exchange by **August 15, 2012**, the

information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.     **Discovery**.

a)  The issues of willfulness and damages (to the extent relevant) shall be bifurcated

for purposes of discovery and trial, unless good cause is shown otherwise.

b)  Discovery will be needed on the following subjects: infringement and invalidity.

At the appropriate time, discovery related to damages will also be needed.

c)  All fact discovery in this phase shall be commenced in time to be completed by

**July 5, 2013**.

i.  Plaintiff may direct 20 interrogatories to each defendant. Each defendant

may direct 20 interrogatories to Plaintiff.

ii.  In the absence of agreement among the parties, contention interrogatories,

if filed, shall first be addressed by the party with the burden of proof no

later than the date established for the completion of document production,

2

with the responsive answers due within thirty (30) days thereof.  The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

iii.   Maximum of 50 requests for admission by each party to any other party, except that there shall be no limit on the number of requests for admission related to authentication and admissibility of evidence for trial.

iv.   Discovery of paper and electronic documents (hereafter "e-discovery") shall be completed on or before **March 14, 2013**.

v.   The court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information ("Default Standard") shall govern, with Paragraph 3 Initial Disclosures and Paragraph 4(a) Initial Discovery due August 31, 2012, Paragraph 4(b) Initial Discovery due October 1, 2012, Paragraph 4(c) Initial Discovery due October 31, 2012, and Paragraph 4(d) Initial Discovery due November 1, 2012. The parties have also agreed to the following modifications to the Default Standard:

   A.   Each party will disclose up to 10 custodians as part of their ¶ 3(a) disclosures.

   B.   Add to ¶ 5(c) ("A party may request that the load file accompanying an opposing party's production be in a commonly used document review software format in addition to or instead of Concordance and Opticon.").

vi. Maximum of 10 fact depositions of plaintiff's witnesses, which includes 30(b)(6) deposition testimony, may be taken by the Defendants collectively. Maximum of 7 fact depositions, which includes 30(b)(6) deposition testimony, may be taken by the Plaintiff of any individual Defendant's witnesses. To the extent practicable all Defendants acting in common or separately will depose each witness in a contiguous block of time. Each fact deposition limited to a maximum of 7 hours unless extended by agreement of parties. Inventor depositions will be a maximum of 14 hours per inventor. No party may take more than 18 combined hours of Rule 30(b)(6) deposition testimony from any other party.

d) Expert discovery shall be commenced in time to be completed by **December 27, 2013**.

i. Expert reports on issues for which the parties have the burden of proof due **August 15, 2013**. Rebuttal expert reports due **September 30, 2013**. Absent leave of court, supplemental reports are limited to secondary considerations of obviousness and due **October 15, 2013**.

ii. Expert depositions to be limited to a maximum of 7 hours per expert, unless an expert serves more than one report, in which case that expert's deposition may last an additional 4 hours for each report after the first. The time allowed for an expert deposition may be extended by agreement of the parties. An expert report that addresses alleged infringement by

multiple defendants shall count as multiple expert reports for purposes of this paragraph.

    iii.  All Daubert motions shall be filed on or before **January 30, 2014.**

e)  Supplementations under Rule 26(e) due **at the end of fact discovery**.

f)  **Discovery Disputes**.

    i.  The court shall conduct an in-person discovery status conference on **April 17, 2013 at 3:30 p.m.** to be allotted equally among the parties.  **No motions to compel or for protective order shall be filed absent prior approval of the court**.

    ii.  The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition.

g)  **Fact Witnesses to be Called at Trial**.  Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial.  Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial.  The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case.  Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3.      **Joinder of other Parties and Amendment of Pleadings**.  All motions to join other parties and amend the pleadings shall be filed on or before **January 14, 2013, except for amendment or supplements to pleadings concerning inequitable conduct, which will be due 30 days before end of fact discovery**.

4.      **Settlement Conference**.  Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge[1] for the purposes of exploring ADR.  Counsel are advised that, notwithstanding the fact that the issues of willfulness and damages have been bifurcated, the Magistrate Judge may require the parties to exchange discovery on any subject including damages and willful infringement, in aid of settlement.

5.      **Claim Construction Issue Identification**.  If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed construction of those terms **on or before June 5, 2013.**  This document will not be filed with the court.  Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 6 below.

6.      **Claim Construction**.  Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning.  Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Construction Statement **January 7, 2014**, with the claim chart separately docketed.  Plaintiff shall serve and file its opening brief on claim construction on or before **January 28, 2014**.  Defendants shall serve and file their

---

[1] The court may also refer ADR to a Special Master.

answering claim construction brief **February 18, 2014**.  Plaintiff shall serve and file its reply brief **March 4, 2014**.  Defendants shall serve and file their surreply brief **March 18, 2014**.

7.     **Summary Judgment Motions**

    **a)**   All summary judgment motions shall be served and filed **April 1, 2014** (subject to paragraphs (b) and (c) below).  No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

    b)   Opening briefs on infringement and invalidity shall be served and filed on or before **April 1, 2014**.

    c)   Opening briefs or combined opening-answering briefs on noninfringement and validity shall be served and filed on or before **April 15, 2014**.

    d)   Where cross-motions are not presented, answering and reply briefs shall be due as calculated from the filing of any opening brief as per LR 7.1.2.

    e)   Where cross-motions are presented, a surreply brief will be permitted, to be filed 7 days from the filing of the reply brief.

    f)   The hearing on the claim construction and motion(s) for summary judgment will be heard in **May 16, 2014 at 9:30 a.m.**

8.     **Applications by Motion.**  Any application to the court shall be by written motion filed with the clerk.  **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

    a)   Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

    b)   No telephone calls should be made to chambers.

     c)  Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "Email Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov.  The email shall provide a short statement describing the emergency.  NO ATTACHMENTS shall be submitted in connection with said emails.

9.    **Motions in Limine.  No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10.    **Pretrial Conference**.  A pretrial conference will be held on **August 14, 2014 at 3:30 p.m.** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware.  The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11.    **Trial**.  This matter is scheduled for a five day jury trial commencing on **September 8, 2014 at 9:30 a.m.** in courtroom 4B, fourth floor Federal Building, 844 King Street, Wilmington, Delaware.  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases. Defendants, individually and collectively, do not agree to joint trial(s).

_____
United States District Judge